**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-14347-CIV-MAYNARD[1]**

HOOMIN BAHRAMI NIYA,

     **Petitioner,**

v.

U.S. IMMIGRATION &
NATURALIZATION SERVICES, *et al.*,

     **Respondents.**

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon a *sua sponte* review of the record. Petitioner has not taken affirmative steps to continue prosecuting his claims nor timely complied with my Order requiring him to show cause why the case should not be dismissed for failure to prosecute or comply with Court orders. DE 23 at 2. I thus recommend that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court Orders and failure to prosecute.

## DISCUSSION

Petitioner, proceeding *pro se*, initiated this case on September 18, 2025, by filing a Petition for Writ of Mandamus asking the Court to compel Respondents to adjudicate Petitioner's father's visa application, which had then been pending for nearly two years. On November 7, 2025, Respondents filed an Unopposed Motion to Stay, stating that Petitioner's

---

[1] This non-prisoner *pro se* civil case was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. *See* Administrative Order 2025-11 (S.D. Fla. Mar. 3, 2025), available at: https://www.flsd.uscourts. gov/sites/flsd/files/adminorders/2025-11.pdf. Based on the circumstances of this case, I am issuing a Report and Recommendation and will be simultaneously issuing a separate order directing the Clerk to randomly reassign this case to a United States District Judge of this Court.

1

father was scheduled to attend relevant appointments, including a re-interview regarding his visa application at the Embassy in Yerevan on December 9, 2025.  DE 18 at 1.  Respondents requested a stay to allow the application adjudication process to advance.  *Id.* at 2.

On November 12, 2025, I entered an Order granting the unopposed motion in part.  DE 19.  I ordered that the case be stayed until January 6, 2026, and that on or before January 7, 2026, Respondents were required to confer with Petitioner and move to either reopen the case or extend the stay.  *Id.* at 2.  When this was not done, I ordered Respondents to confer with Petitioner and file the applicable motion by January 16, 2026, or else be prepared to show cause why the requirement was not met.  DE 20.

On January 16, 2026, Respondents filed a response explaining that they were unable to comply because Petitioner had not responded to conferral attempts.  DE 22 at 2.  Respondents certified that they attempted to contact Petitioner multiple times via email and telephone without success.  *Id.*  Respondents also represented that the visa at issue has been approved.  *Id.*

On January 27, 2026, I entered an Order to Show Cause.  DE 23.  I explained that Petitioner had failed to prosecute and comply with Court orders by refusing to confer with Respondents or take any action in this case since the expiration of the stay, which were grounds for dismissal.  *Id.* at 2 (citing Fed. R. Civ. P. 41(b)).

Petitioner did not respond to my Order to Show Cause.  This case has now been pending for over five months.

Under Federal Rule of Civil Procedure 41: "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action."  Fed. R. Civ. P. 41(b); *see also McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (noting that the "decision to dismiss for want of prosecution lies within the trial court's discretion").

The Eleventh Circuit has made clear that a district court may *sua sponte* dismiss a case for lack of prosecution based on its own "inherent power to manage its docket." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Dismissal *with prejudice* for failure to prosecute "is a sanction of last resort that is to be utilized only in extreme situations," and it "can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mut. Prot. and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995); *see also Betty K*, 432 F.3d at 1337–38 (holding that dismissal with prejudice may be imposed only when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that lesser sanctions would not suffice). In contrast, a dismissal *without prejudice* is not an adjudication on the merits and, therefore, courts are afforded greater discretion in dismissing claims in this manner. *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of complaint without prejudice for failure to prosecute).

Over five months have passed since Petitioner filed his original Complaint. Prior Court Orders have provided him with ample opportunity continue prosecuting this case. Petitioner has been given fair warning that his failure to comply with Court orders and timely pursue this case could lead to this case be dismissed. It appears that Petitioner does not intend to pursue his claims. However, because there is no clear record of delay or contumacious conduct, dismissal without prejudice for failure to prosecute is the appropriate course. *See, e.g.*, *Riddell v. Florida*, 702 F. App'x 869, 871–72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order directing him to show cause why the case should not be dismissed following his failure to respond to a motion to dismiss). This dismissal would not act as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b)

(providing that dismissal for failure to prosecute, or for failure to comply with the Federal Rules or a court order, operates as an adjudication on the merits "[u]nless the dismissal order states otherwise").

## RECOMMENDATION

Based on the foregoing, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court Orders and failure to prosecute.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the U.S. District Judge. *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a). Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 2nd day of March, 2026.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE

**Copy via U.S. Mail:**
Hoomin Bahrami Niya, *pro se*
11804 SW Community Blvd.
Port Saint Lucie, FL 34987

4